FILED by \_\_\_\_MM\_\_\_\_ D.C.

Jan 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-10001-CR-MARTINEZ/SNOW**

CASE NO. _____

18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

NATALIYA VASYLIVNA KASYANENKO,

       **Defendant.**

_____

**INFORMATION**

The United States Attorney charges that:

At all times relevant to this Information, or as otherwise indicated herein:

    1.    Defendant **NATALIYA VASYLIVNA KASYANENKO** resided in the Florida Keys.

    2.    From at least 2009 through October 2020, **KASYANENKO** worked as a housekeeping manager at a large hotel in Key West ("Hotel A"), during which time she directed and controlled the hiring and scheduling of housekeeping staff at the hotel.

**LABOR STAFFING COMPANIES**

    3.    From at least 2009 through at least October 2020, O.O., O.Y., Mykhaylo Chugay, and others owned and operated General Labor Solutions, LLC ("GLS"), Liberty Specialty Services, LLC ("LSS"), and Paradise Choice LLC and Paradise Choice Cleaning, LLC (collectively, "Paradise Choice").

4. From at least November 2010 through October 2020, Batyr Myatiev, V.L., G.C., and others owned and operated AmeriHos LLC ("American Hospitality") and Golden Sands Management, LLC ("Golden Sands").

5. From at least October 2014 through October 2020, Mikus Berzins and **KASYANENKO**'s two sons, Igor Kasyanenko and Roman Riabov, owned and operated Phoenix ADB Services, Inc. ("Phoenix ADB"). Andrejs Kozlovs worked for Phoenix ADB between August 2016 and October 2020.

## SUMMARY OF THE SCHEME

6. From at least 2009 through October 2020, Hotel A used staffing services provided through a variety of labor staffing companies, including GLS, LSS, Paradise Choice, American Hospitality, Golden Sands, and Phoenix ADB (collectively, the "labor staffing companies").

7. As alleged in this Information, these labor staffing companies facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. By obtaining and paying workers through these labor staffing companies, hotels, bars, and restaurants operating in Key West and elsewhere attempted to disclaim responsibility for ensuring that: (1) workers were legally authorized to work in the United States, and (2) federal income and employment taxes were withheld and paid over to the Internal Revenue Service (IRS).

8. From at least 2009 through October 2020, **KASYANENKO** used the labor staffing companies' services to hire alien workers at Hotel A but placed them on the labor staffing companies' payrolls, knowing that the alien workers were not authorized to work in the United States.

9. As alleged in this Information, the owners and operators of these labor staffing companies paid **KASYANENKO** kickbacks for hiring workers at Hotel A and placing the workers on their respective labor staffing company's payroll.

10. Beginning in approximately June 2015, Phoenix ADB provided illicit labor services to Hotel A. **KASYANENKO** received a portion of Phoenix ADB's profits from providing undocumented alien workers to Hotel A as "contract labor."

## LEGAL BACKGROUND

11. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

12. The Federal Insurance Contribution Act (FICA) required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers held these taxes in trust for the United States and were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes."

13. In addition to the trust fund taxes, employers were required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "employment taxes."

14. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

15. The USCIS Form I-9, Employment Eligibility Verification, (USCIS Form I-9) required that an employee attest to his or her employment authorization. The employee must also present acceptable documents evidencing identity and employment authorization to the employer.

The employer must examine the employment eligibility and identity documents to determine whether the documents reasonably appear to be genuine and to relate to the employee. The employer was required to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

## COUNT ONE
(Conspiracy against the United States)

16. The factual allegations contained in Paragraphs 1 through 15 of this Information are re-alleged and incorporated herein.

17. Beginning in at least June 2015 and continuing through October 2020, within the Southern District of Florida and elsewhere, defendant,

**NATALIYA VASYLIVNA KASYANENKO,**

and Berzins, Igor Kasyanenko, Riabov, Kozlovs, and others known and unknown to the United States, unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together and with each other (1) to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes and employment taxes, and (2) to commit offenses against the United States, namely (a) encouraging and inducing aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and, (b) concealing, harboring, and shielding from detection aliens knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

## Manner and Means

18. In furtherance of the conspiracy, defendant **KASYANENKO** entered into agreements with labor staff companies in Key West to accept illicit labor staffing services. These agreements helped Hotel A attempt to disclaim responsibility for ensuring that workers were legally authorized to work in the United States and that federal employment taxes were withheld and paid over to the IRS, when, in fact, **KASYANENKO** knew that the workers provided under these agreements were not authorized to work in the United States and that federal income and employment taxes were not being withheld and paid over to the IRS.

19. In furtherance of the conspiracy, defendant **KASYANENKO** and Berzins, Igor Kasyanenko, Riabov, Kozlovs, and others known and unknown to the United States facilitated the employment of more than 100 alien workers at Hotel A knowing or in reckless disregard of the fact those alien workers were not legally present in the United States and did not have authorization to work in the United States. Defendant **KASYANENKO** knew that the workers employed at Hotel A through the labor staffing companies did not attest to their eligibility to work in the United States on USCIS Forms I-9.

20. **KASYANENKO** knew that, in furtherance of the conspiracy, Berzins, Igor Kasyanenko, Riabov, Kozlovs, and others known and unknown to the United States paid workers without withholding federal income or employment taxes from the workers' gross wages.

21. **KASYANENKO** knew that, in furtherance of the conspiracy, Berzins, Igor Kasyanenko, Riabov, Kozlovs, and others known and unknown to the United States failed to prepare and file with the IRS requisite Form W-2, *Wage and Tax Statements*, for workers employed at Hotel A through these labor staffing companies.

22.     In furtherance of the conspiracy, Berzins, Igor Kasyanenko, Riabov, Kozlovs, and others known and unknown to the United States paid defendant **KASYANENKO** and others kickbacks for hiring alien workers to staff positions at Hotel A and placing those workers on a particular labor staffing company's payroll.

**Overt Acts**

23.     On or about August 3, 2017, **KASYANENKO** sent an email from her email account at Hotel A to Phoenix ADB stating, "Good afternoon, We have new employee: [B.D.], room attendant, rate $12.25 per hour, starting date 8/5/17[.]  Thank you[.]"

24.     On or about August 18, 2017, Phoenix ADB issued check number 12462 to B.D. in the amount of $422.77. This amount represented untaxed wages to B.D. earned for labor provided through Phoenix ADB to Hotel A. During the time of her employment, B.D. was not authorized to work in the United States.

In violation of Title 18, United States Code, Section 371.

MARKENZY LAPOINTE
United States Attorney

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Jessica A. Kraft, District Court No. A5502644
Nicolas J. Schilling Jr., District Court No. A5502809
Matthew C. Hicks, District Court No. A5502778
Wilson Rae Stamm, District Court No. A5503006
Trial Attorneys
U.S. Department of Justice, Tax Division
Christopher Clark, Florida Bar No. 0588040
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:

v.

Nataliya Vasylivna Kasyanenko

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division** (select one)
- ☐ Miami
- ☑ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

New Defendant(s) (Yes or No) Yes
Number of New Defendants 1
Total number of New Counts 1

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Ukrainian

4. This case will take 0 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I ☑ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Graham   Case No. 4:21-cr-10021-DLG

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____

DOJ Senior Litigation Counsel
Court ID No.    A5501870

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PENALTY SHEET

Defendant's Name:  NATALIYA VASYLIVNA KASYANENKO

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy (Dual Object) | 18 U.S.C. § 371 | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Nataliya Vasylivna Kasyanenko, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Robert Amsel
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

## BOND RECOMMENDATION

DEFENDANT: Nataliya Vasylivna Kasyanenko

**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: Sean Beaty, Matthew Hicks, Wilson Stamm
TRIAL ATTORNEYS

Last Known Address: Key West, Florida

What Facility: _____

Agent(s): Jaime Haniff (HSI)
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

## BOND RECOMMENDATION

DEFENDANT: Nataliya Vasylivna Kasyanenko

**(Personal Surety)**(Corporate Surety) (Cash) (Pre-Trial Detention)

By: Sean Beaty, Matthew Hicks, Wilson Stamm
TRIAL ATTORNEYS

Last Known Address:   Key West, Florida

What Facility: _____

Agent(s):   Jaime Haniff (HSI)
(FBI)(SECRET SERVICE)(DEA)(IRS) (ICE)**(OTHER)**